# FILED

IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

SEP 1 5 2005 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

UNITED STATES OF AMERICA            **JUDGMENT INCLUDING SENTENCE**
            -v-                     **UNDER THE SENTENCING REFORM ACT**

Rafael Figuera,                     **CASE NUMBER: CR-04-713(S)-5(FB)**
            **Defendant.**          **JAN ROSTAL, ESQ.**
                                    **16 COURT STREET**
-----------------------------------------------------------x   **BROOKLYN, NY 11241**
                                    **Defendant's Attorney & Address**

**THE DEFENDANT:** Rafael Figuera
 __XX__   pleaded guilty to count ONE OF THE SUPERSEDING INDICTMENT.

       Accordingly, the defendant is **ADJUDGED** guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 21 USC 952(a) | THE DEFENDANT DID KNOWINGLY AND INTENTIONALLY CONSPIRE TO IMPORT HEROIN INTO THE U.S. | 1(S) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
 __XX__   Indictment CR-04-659-1(FB) and all open counts are dismissed on the motion of the United States.
 __XX__   It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00
       which shall be due immediately :

It is further **ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days
of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed
by this Judgment are fully paid.

Defendant's Soc. Sec #_____            __SEPTEMBER 9, 2005__
                                                   Date of Imposition of Sentence


Defendant's Mailing Address:                       _____
                                                   THE HONORABLE FREDERIC BLOCK
_____
                                                   _____ 13, 2005
                                                   Date
_____

                                                   A TRUE COPY ATTEST
                                                   Date: 9\13\0
                                                   ROBERT C. HEINEMANN
                                                   CLERK OF COURT

                                                   By:_____
                                                   MIKE J. INNELLI
                                                   DEPUTY CLERK

**Defendant:** Rafael Figuera
**Case Number: CR-04-713(S)-5(FB)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TIME SERVED.</u>

___ The Court makes the following recommendations to the Bureau of Prisons:

<u>XX</u> The defendant is remanded to the custody of the United States Marshal.
_ The defendant shall surrender to the United States Marshal for this district,

         _ at ___a.m./p.m. on _____.
         _ as notified by the Marshal.

_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

         _ before 2:00 p.m. on _____.
         _ as notified by the United States Marshal.
         _ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

The defendant was delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

           _____
           **United States Marshal**

           **By**_____

**Defendant:** Rafael Figuera
**Case Number: CR-04-713(S)-5(FB)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS WITH THE SPECIAL CONDITION THAT ONCE THE DEFENDANT IS DEPORTED HE SHALL NOT RE-ENTER THE U.S. ILLEGALLY.</u>

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

\_\_\_\_\_ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**